UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| BTL INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>QUADCORE CORP. d/b/a Layton Weight Loss Clinic; BEATRIZ POTENZA; and ROBERTO POTENZA,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE ANSWER (DOC. NO. 28)**<br><br>Case No. 1:25-cv-00108<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff BTL Industries, Inc., initiated this patent infringement action against Defendants Quadcore Corp. and its owners, Beatriz and Roberto Potenza, in July 2025.[1] Quadcore and the Potenzas failed to answer or otherwise respond to BTL's complaint by their respective deadlines—August 27 and August 25, 2025.[2] On September 3, 2025, BTL moved for entry of default judgment as to all defendants.[3] Two days later, the Potenzas (proceeding without a lawyer) moved for an extension of time

---

[1] (Compl., Doc. No. 1.)

[2] (Certificates of Serv., Doc. Nos. 18, 19 & 20.)

[3] (Mot. for Entry of Default, Doc. No. 24.)

to file an answer, arguing their failure to answer was due to excusable neglect.[4]  BTL did not oppose the motion.

Under Rule 6(b)(1) of the Federal Rules of Civil Procedure, if a party fails to timely respond to the complaint, "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[5]  Determining whether neglect is excusable is an equitable consideration that must account for "all relevant circumstances surrounding the party's omission."[6]  These include: (i) "the danger of prejudice" to the nonmoving party; (ii) "the length of the delay and its potential impact on judicial proceedings," (iii) "the reason for the delay, including whether it was within reasonable control of the movant," and (iv) "whether the movant acted in good faith."[7]

The Potenzas have shown excusable neglect.  First, there is no apparent prejudice to BTL from the delay.  The Potenzas note they ceased all allegedly infringing activities before this lawsuit was filed.[8]  Second, the delay was only 11 days, which is

---

[4] (Mot. for Extension of Time to File Answer, Doc. No. 28.)  The Potenzas note that only they seek to file an answer, as they cannot afford separate counsel for Quadcore, which cannot appear pro se.  (*Id.* at 3.)

[5] Fed. R. Civ. P. 6(b)(1)(B).

[6] *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) ("[Rule 6(b)(1)] should be liberally construed to advance the goal of trying each case on the merits.").

[7] *Pioneer*, 507 U.S. at 395.

[8] (Mot. for Extension of Time to File Answer 5, Doc. No. 28.)

minimal.[9] Third, although the Potenzas' reason for the delay—prioritizing settlement over litigation[10]—was within their control, it is unopposed. Finally, the Potenzas appear to be acting in good faith, "immediately ceasing all allegedly infringing activities" and "engaging in comprehensive settlement efforts."[11] Accordingly, the Potenzas have shown excusable neglect. Good cause exists to permit extending their time to answer the complaint.

The motion[12] is granted. The deadline for Mr. and Mrs. Potenza to file an answer to the complaint is extended to **October 21, 2025**.

DATED this 3rd day of October, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[9] *See*, *e.g.*, *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. McKee*, No. 2:18-cv-00314, 2019 U.S. Dist. LEXIS 75037, at *17 (D. Utah May 1, 2019) (unpublished) (finding "42 day delay is not substantial"); *Clinical Reference Lab'y, Inc. v. Salugen Biosciences, Inc.*, No. 12-2768, 2013 U.S. Dist. LEXIS 60352, at *8 (D. Kan. Apr. 29, 2013) (unpublished) (finding one-month delay between answer deadline and request to file answer out of time "will have minimal impact" on the case); *Welch v. Centex Home Equity Co.,* No. 03–2132, 2004 U.S. Dist. LEXIS 20143, at *5 (D. Kan. Apr. 23, 2004) (unpublished) (similarly finding two-month delay "relatively innocuous").

[10] (Mot. for Extension of Time to File Answer 5, Doc. No. 28.)

[11] (*Id.*)

[12] (Doc. No. 28.)