UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| BTL INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>QUADCORE CORP. d/b/a Layton Weight Loss Clinic; BEATRIZ POTENZA; and ROBERTO POTENZA,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO SET ASIDE DEFAULT AND FOR LEAVE TO APPEAR PRO SE ON BEHALF OF DEFENDANT QUADCORE CORP. (DOC. NO. 37)**<br><br>Case No. 1:25-cv-00108<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

BTL Industries, Inc., initiated this patent and trademark infringement action against QuadCore Corporation and its owners, Beatriz and Roberto Potenza.[1] After QuadCore failed to timely answer the complaint, BTL moved for entry of default against the company.[2] The clerk granted the motion and entered a default certificate,[3] and BTL moved for default judgment.[4] Proceeding without an attorney, the Potenzas now move to set aside the entry of default against QuadCore and ask to appear pro se on the

---

[1] (Compl., Doc. No. 1.)

[2] (Mot. for Entry of Default as to Def. QuadCore Corp., Doc. No. 32.)

[3] (Default Certificate QuadCore Corp., Doc. No. 33.)

[4] (Mot. for Entry of Default & Permanent Inj. Against Def. QuadCore Corp., Doc. No. 35.) Notwithstanding the title, BTL's motion in fact seeks entry of default *judgment*. (*See id.* at 1.)

company's behalf because they cannot afford an attorney.[5]  Because QuadCore has not contested its default through an attorney—and the Potenzas cannot represent QuadCore or otherwise appear on its behalf—the motion is denied.

## BACKGROUND

BTL brought this action against the Potenzas and QuadCore in July 2025, claiming they unlawfully sell body-contouring services using a patent- and trademark-infringing device.[6]  After being served, QuadCore and the Potenzas failed to answer BTL's complaint by their respective deadlines, August 27 and August 25, 2025.[7]  In September, the Potenzas moved to extend their own deadline and noted they could not afford an attorney for QuadCore, "which under federal law cannot appear pro se."[8]  The court extended the Potenzas' answer deadline.[9]  QuadCore, however, did not seek an

---

[5] (Mot. to Set Aside Default & for Leave to Appear Pro Se on behalf of Def. QuadCore Corp. (Mot.), Doc. No. 37.)

[6] (Compl. ¶¶ 1–6, Doc. No. 1.)

[7] (Certificates of Serv., Doc. Nos. 18–20.)

[8] (Mot. for Extension of Time to File Answer 3, Doc. No. 28.)  Where the Potenzas' filings do not include any (or uniform) page numbers, references are to the CM/ECF pagination.

[9] (Mem. Decision & Order Granting Mot. for Extension of Time to File Answer, Doc. No. 29.)  In its order, the court extended the Potenzas' answer deadline to October 21, 2025.  (Id. at 3.)  The Potenzas then contacted the clerk of court seeking guidance on whether the proposed answer and exhibits they had attached to their motion had "been properly accepted and entered into the Court's record."  (Lodged Doc., Email Correspondence, Doc. No. 30 at 1 (October 3, 2025 email from the Potenzas referencing Doc. Nos. 28-1 through 28-7).)  In response, the clerk of court copied BTL's counsel and explained to the Potenzas that they needed to re-file the proposed answer and exhibits.  (Doc. No. 30-1 (referencing Doc. Nos. 28-1–28-7).)  As of the date of this

extension or answer the complaint, and counsel has not appeared on its behalf.  On

October 15, 2025, BTL moved for entry of default against the company.[10]  Default was

entered one week later.[11]  BTL then moved for default judgment on November 20.[12]

The Potenzas filed the present motion the following day, arguing good cause exists to

set aside QuadCore's default and seeking to represent the company themselves.[13]

<u>ANALYSIS</u>

The Potenzas' motion is denied because QuadCore has not contested its default

through an attorney and the Potenzas cannot represent the company or otherwise

argue on its behalf.  It is a "long-standing rule that a corporation must be represented by

an attorney to appear in federal court."[14]  Corporations and other business entities

cannot appear in court "through a non-attorney corporate officer appearing *pro se.*"[15]

---

order, the Potenzas have not refiled their answer and exhibits, and BTL has not moved for entry of default against them for failing to do so.

[10] (Mot. for Entry of Default as to Def. QuadCore Corp., Doc. No. 32.)

[11] (Default Certificate QuadCore Corp., Doc. No. 33.)

[12] (Mot. for Entry of Default & Permanent Inj. Against Def. QuadCore Corp., Doc. No. 35.)

[13] (Mot., Doc. No. 37.)  Because the Potenzas proceed pro se, their motion is "liberally construed."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

[14] *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (collecting cases); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

[15] *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001).

The District of Utah's local rules reflect this also.[16]  QuadCore, as a corporate entity, must be represented by a licensed attorney.  The Potenzas, as non-attorneys, cannot seek to set aside QuadCore's default.[17]  They cannot make any arguments on the company's behalf.  Because the company has not contested its default and the Potenzas cannot do so, the motion is denied.[18]

The Potenzas' request for a thirty-day stay to allow them to secure counsel for QuadCore is also denied.[19]  They have now had nearly four months to secure counsel, yet no attorney has appeared.  And they have known of the need to find counsel for QuadCore for even longer—at least six months.[20]  Under these circumstances, the Potenzas have not justified a stay for purposes of securing counsel.

---

[16] *See* DUCivR 83-1.3(c)(1)–(2) (providing that individuals "may represent themselves," but a "corporation, association, partnership, or other artificial entity must be represented by an attorney").

[17] *See, e.g.*, *Evans v. Loveland Auto. Invs., Inc.*, No. 13-cv-2415, 2013 U.S. Dist. LEXIS 165561, at *5 (D. Colo. Nov. 20, 2013) (unpublished) (denying pro se individual defendant's motion to set aside corporate entity defendants' defaults because the companies had not appeared through counsel and the individual could not appear on their behalf "simply based on the fact that he is a principal in these organizations"); *see also Harrison,* 253 F.3d at 556 ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*.").

[18] Where the Potenzas' request to appear on behalf of QuadCore is denied, the court does not address any of the specific arguments they try to assert on the company's behalf.

[19] (Mot., Doc. No. 37 at 11.)

[20] (*See* Mot. for Extension of Time to File Answer, Doc. No. 28 at 3 (recognizing that QuadCore cannot appear pro se under federal law).)

CONCLUSION

For these reasons, the motion[21] is denied.  QuadCore can only appear in this case through counsel—not the Potenzas—and in accordance with the applicable rules.

DATED this 20th day of April, 2026.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[21] (Doc. No. 37.)